UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE SARA LIOI |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:19 CR 74 |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| TONY HENDERSON, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States, by and through Justin E. Herdman, United States Attorney, and

Assistant United States Attorney Ranya Elzein, respectfully submits this memorandum setting

forth the United States' position regarding sentencing for Defendant Tony Henderson

("Henderson").  For the following reasons, and for those to be articulated at the sentencing

hearing, the United States respectfully requests the Court impose a sentence that is sufficient but

not greater than necessary to afford adequate deterrence and promote respect for the law.

## I.     Factual Basis

On May 2, 2019, Henderson plead guilty, without a plea agreement, to the Indictment

charging him with one count of Felon in Possession of a Firearm and Ammunition, in violation

of 18 U.S.C. § 922(g).  PSR ¶ 1, Doc. No. 13.  The charge arises out of the following facts.

On November 7, 2018, officers detained Henderson because he matched the description

of a suspect in an aggravated robbery.  *Id.* ¶ 4.  It was later determined that he was not involved

in the robbery.  *Id.*  During the encounter, however, officers discovered a loaded firearm on his

person.  *Id*.  Henderson was walking with his ten-year-old daughter.  *Id*.  Henderson told officers

that he took the firearm from his 16-year-old friend Charles, who had been involved in an

altercation earlier that day.  *Id*.  Henderson now explains that he took the firearm from his

teenage daughter earlier that day so that she would not get into trouble.  *Id*. ¶¶ 9, 47.

## II.     Applicable Legal Standards

Familiar legal principles guide the Court's sentencing determination.  The advisory

Guidelines range serves as "the starting point and the initial benchmark" and thus remains an

indispensable resource for assuring appropriate and uniform punishment for federal criminal

offenses.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  The Court then considers the factors set

forth in 18 U.S.C. § 3553(a).

## III.    Sentencing Guidelines Computation

The government agrees with the following Guidelines computation in the Presentence

Investigation Report ("PSR"):

| Count 1: Felon in Possession of a Firearm and Ammunition | | |
|---|---|---|
| Base Offense Level | 24 | § 2K2.1(a)(2) |
| Acceptance of responsibility | -3 | § 3E1.1(a)–(b) |
| **Total Offense Level after Acceptance of Responsibility** | **21** | |

The PSR assigns Henderson a Criminal History Category III, making the applicable

Guidelines range 46 to 57 months.  *Id*. ¶¶ 33, 65.

## IV.    Application of Section 3553(a) Factors

A consideration of the Section 3553(a) factors warrants a sentence that is sufficient to

deter Henderson from engaging in similar activity and promote respect for the law.  Specifically,

the nature and circumstances of the offenses are serious.  The government acknowledges the

unique circumstances surrounding Henderson's possession of the firearm in that, as he now

explains, he possessed it for a short period of time after taking it away from his teenage daughter.

Nevertheless, although the offense is not in and of itself a violent crime, possessing a firearm and ammunition around a ten-year-old certainly creates a risk of violence and poses a danger to the safety of the community.

Such behavior is concerning given Henderson's violent criminal history.  He has four Domestic Violence convictions involving the same victim, three of which are felonies.  PSR ¶¶ 23, 28–30, Doc. No. 13.  The convictions involved Henderson striking the victim, choking her, punching her, and touching a steak knife to her side.  *Id.*  Additionally, his 2009 conviction for Receiving Stolen Property involved Henderson receiving, retaining, or disposing of a stolen firearm.  *Id.* ¶ 24.  These prior convictions demonstrate Henderson's tendency for violence, and his inability to correct his criminal behavior demonstrates his disrespect for the law and a likelihood of recidivism.  Henderson's prior record, coupled with the nature and circumstances of the offense, therefore require a sentence that is sufficient but not greater than necessary to afford adequate deterrence to Henderson and promote respect for the law.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Ranya Elzein
Ranya Elzein (OH:0090887)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3929
(216) 522-8355 (facsimile)
Ranya.Elzein@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Ranya Elzein
Ranya Elzein
Assistant U.S. Attorney

4